IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT CARR JR.,

                Plaintiff,

v.                                                                 OPINION and ORDER

LAURA SUKOWATY, ALANA ACKER, ROBERT                      24-cv-10-jdp
WEINMAN, JOHN DOE, and JANE DOE,

                Defendants.

---

Plaintiff Robert Carr Jr., without counsel, alleges that defendants disregarded his complaints of serious pain following surgery for carpal tunnel syndrome. Because Carr proceeds without prepaying the filing fee, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Carr's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a claim, but I will allow Carr to file an amended complaint to fix this problem.

ALLEGATIONS OF FACT

While incarcerated at Columbia Correctional Institution, Carr began experiencing tingling, numbness, and pain in his right hand and wrist. Defendant Dr. Sukowaty diagnosed Carr with carpal tunnel syndrome and prescribed prednisone. An offsite doctor later diagnosed Carr with severe carpal tunnel syndrome, which led to surgery.

Carr had moderate to severe pain after surgery, depending on whether his hand was resting or in use. About a month after his surgery, Carr complained of high pain in his right hand and wrist and asked to see a doctor. Carr reported that his ice bag and Tylenol no longer worked and requested stronger pain medication. A day later, a health services unit employee responded: "[Y]ou are a month out from surgery, you should not need more than Tylenol—you are still healing, you need to give it more time." In the complaint's caption, Carr names this individual as both John Doe and Jane Doe.

Ten days later, Carr wrote the health services manager, defendant Alana Acker, to complain about his pain. Acker responded that Carr's message was sent to physical therapy and that medical staff was waiting for a response from that unit. The next day, Carr wrote the health services nursing coordinator, defendant Robert Weinman, to complain about his pain. Weinman's response was the same as Acker's. Later that day, Carr wrote Acker and Weinman and stated that the physical therapist, Nate, couldn't prescribe him stronger pain medication. Carr also stated that Nate had done everything he could do, though it's unclear whether Nate provided physical therapy for Carr's hand and wrist after his surgery. Acker and Weinman didn't respond to Carr's last message. The following day, Carr wrote Dr. Sukowaty to complain of serious pain, but she didn't respond.

Two weeks later, Carr was transferred to Stanley Correctional Institution (SCI). There, nurse practitioner Crystal referred Carr to a specialist and, in the meantime, prescribed him Tylenol "up to" three times a day instead of two. Carr alleges that he was taking Tylenol for arthritis in his knees and not for carpal tunnel syndrome, though it's unclear whether he is referring to the period after his surgery for carpal tunnel syndrome or an earlier time.

2

ANALYSIS

The Eighth Amendment prohibits prison officials from consciously disregarding the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a medical care claim, Carr must allege that he had an objectively serious medical condition that defendants consciously disregarded. *See Cesal v. Moats*, 851 F.3d 714, 721 (7th Cir. 2017). Carr's allegation that he had severe post-surgical pain is sufficient to show a serious medical need at the pleading stage. *See Walker v. Benjamin*, 293 F.3d 1030, 1039–40 (7th Cir. 2002).

Carr must also allege that defendants "actually knew of, but disregarded, a substantial risk to [his] health." *Id.* Conscious disregard involves intentional or reckless conduct, not mere negligence. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010). "Disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). Ignoring a prisoner's request for medical assistance can be enough to show conscious disregard of medical needs. *Petties v. Carter*, 836 F.3d 722, 729 (7th Cir. 2016) (en banc). Furthermore, a medical professional consciously disregards a prisoner's serious medical need if his care is so inadequate that it demonstrates an absence of professional judgment, that is, that no minimally competent professional would have responded in that way in the circumstances. *See Stewart v. Wexford Health Sources, Inc.*, 14 F.4th 757, 763 (7th Cir. 2021); *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 989 (7th Cir. 1998).

I will not allow Carr to proceed against the Doe defendant. Carr alleges that, after he complained of severe pain and that his ice bag and Tylenol no longer worked, the Doe defendant told him that he was only one month out from surgery and to be more patient

3

with healing. Carr's disagreement with the Doe defendant's medical judgment isn't enough to show that he or she consciously disregarded Carr's complaints of pain. And, because Carr didn't make "repeated protests that the [Tylenol and ice were] not working," there's no basis to infer that the Doe defendant "persisted with a course of treatment [he or she] knew to be ineffective." *See Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020).

I will not allow Carr to proceed against Health Services Manager Acker or Nursing Coordinator Weinman. It's clear from Carr's allegations that Acker and Weinman aren't doctors, and he doesn't allege that they are nurse practitioners or prescribers. So, I cannot infer that Acker or Weinman had the authority to prescribe Carr stronger pain medication. *See Miller v. Harbaugh*, 698 F.3d 956, 962 (7th Cir. 2012) (defendants cannot be liable under 42 U.S.C. § 1983 "if the remedial step was not within their power"). By the same token, Acker and Weinman, as nurses, could defer to Carr's provider's judgment that Tylenol and ice were medically appropriate to treat his pain. *See Pulera v. Sarzant*, 966 F.3d 540, 553 (7th Cir. 2020). Acker and Weinman contacted physical therapy in response to Carr's complaints, which doesn't suggest that they were disregarding them. Carr alleges that Nate could not help him, but it's unclear whether Nate had a chance to perform physical therapy on his hand and wrist.

I will not allow Carr to proceed against Dr. Sukowaty, whom Carr faults for not responding to his complaint of serious hand and wrist pain. Carr was prescribed Tylenol and ice after his surgery, and Acker and Weinman consulted physical therapy. Thus, although Dr. Sukowaty didn't respond to that one complaint, Carr's allegations aren't enough to show that she was ignoring his medical needs outright. Furthermore, Carr was transferred to SCI two weeks after he complained to Dr. Sukowaty about pain. He doesn't allege that he made any other complaints to her about pain in that two-week period. Carr's allegations aren't enough

4

to suggest that, in that time, Dr. Sukowaty drew the inference that the failure to increase his pain medication would cause him unnecessary pain. *Cf. Duckworth v. Ahmad*, 532 F.3d 675, 680 (7th Cir. 2008); *Goodloe*, 947 F.3d at 1031. Carr notes that Crystal referred him to a specialist and prescribed Tylenol up to three times a day instead of two. As currently written, Carr's complaint suggests a difference in medical judgment between Crystal and Dr. Sukowaty, which doesn't state a medical care claim.

I will allow Carr to file an amended complaint that fixes the above problems. In drafting his amended complaint, Carr must:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation of his constitutional rights. Carr must take care to allege what each defendant did, or failed to do, to violate his constitutional rights.
- Carr should avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Carr believes supports a claim, he should identify each defendant who took that action.
- Identify by full name all the individuals he wishes to sue in the amended complaint's caption. Carr may identify an individual as a Doe defendant if he has made reasonable but unsuccessful efforts to identify him or her. If Carr names a Doe defendant, he should provide as specific identifying information as possible, such as "John Doe First Shift Nurse."
- Omit legal arguments other than explaining what types of claims wishes to assert.

5

ORDER

IT IS ORDERED that:

1. Plaintiff Robert Carr Jr.'s complaint, Dkt. 1, is DISMISSED for failure to state a claim upon which relief may be granted.

2. Plaintiff may have until May 8, 2024, to submit an amended complaint that fixes the above problems.

3. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiff fails to comply with this order, I may dismiss this case.

6. Plaintiff must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

7. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

8. The clerk of court is directed to send plaintiff copies of this order and the court's prisoner complaint form.

Entered April 8, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge