IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT CARR JR.,

                Plaintiff,

v.

LAURA SUKOWATY,

                Defendant.

OPINION and ORDER

24-cv-10-jdp

In response to my order, plaintiff Robert Carr Jr. filed an amended complaint alleging that defendant Dr. Laura Sukowaty ignored his complaints about serious right hand and wrist pain following surgery for carpal tunnel syndrome.

Carr proceeds without prepaying the filing fee, so I must screen the amended complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Carr's allegations as true and construe them generously, holding the amended complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I may also consider documents that the amended complaint incorporates by reference. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). I need not accept the amended complaint's allegations as true if incorporated documents directly contradict them. *See Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013).

Because Carr has failed to state a claim, and because further amendment would be futile, I will dismiss the amended complaint with prejudice. I will also direct the clerk to record a strike against Carr under 28 U.S.C. § 1915(g).

ALLEGATIONS OF FACT

While incarcerated at Columbia Correctional Institution, Carr began experiencing tingling, numbness, and pain in his right hand and wrist. Dr. Sukowaty, the sole defendant, diagnosed Carr with carpal tunnel syndrome and prescribed prednisone. An offsite doctor later diagnosed Carr with severe carpal tunnel syndrome, and surgery was performed for this problem.

A month after surgery, Carr submitted a health services request complaining of sharp pain in his right hand and asking to see Dr. Sukowaty. Two days later, health services unit staff member B. Dern told Carr that Dr. Sukowaty said that he: (1) shouldn't need more than Tylenol; and (2) needed to give his treatment more time because he was a month out from surgery and was still healing.

About a week later, Carr submitted a health services request reporting sharp pain in his right hand and wrist and asking to see Dr. Sukowaty to obtain stronger pain medication. In response, Dern stated that Carr was seen by the physical therapist that month and instructed him to raise his concerns with the physical therapist at his upcoming appointment.

A few days later, Carr submitted two health services requests in which he complained that his Tylenol wasn't helping his pain, asked to see Dr. Sukowaty to obtain stronger pain medication, and stated that the physical therapist couldn't prescribe pain medication. Dern referred Carr's request to Dr. Sukowaty.

On or around November 28, 2023, the physical therapist, Nate, saw Carr and gave him arthritis cream. That day, or the day after, Carr submitted a health services request reporting that the cream didn't work, saying: "I have to wash my hands after [using the] restroom and if

I forget the cream is on my hands and rub my face, it will not be a good look." Dkt. 8-5 at 1. Dern referred Carr's request to Nate.

Around that time, Carr submitted a health services request stating that his pain was worsening and that the Tylenol no longer worked, and asking to see Dr. Sukowaty. Dern referred Carr's request to Dr. Sukowaty. Around a week later, Carr was transferred to Stanley Correctional Institution.

ANALYSIS

The Eighth Amendment prohibits prison officials from consciously disregarding the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a medical care claim, Carr must allege that he had an objectively serious medical condition that Dr. Sukowaty consciously disregarded. *See Cesal v. Moats*, 851 F.3d 714, 721 (7th Cir. 2017). Carr's allegation that he had severe post-surgical pain states a serious medical need. *See Walker v. Benjamin*, 293 F.3d 1030, 1039–40 (7th Cir. 2002).

The issue is whether Dr. Sukowaty consciously disregarded that need. Conscious disregard requires that Dr. Sukowaty was subjectively aware of that need. *See Cesal*, 851 F.3d at 721. That means that Dr. Sukowaty knew of facts from which the inference could be drawn that a substantial risk of serious harm exists, and she also drew that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Carr's disagreement with Dr. Sukowaty about the proper course of treatment, by itself, isn't enough to show conscious disregard. *See Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014).

Ignoring a prisoner's request for medical assistance outright can be enough to show conscious disregard of medical needs. *Petties v. Carter*, 836 F.3d 722, 729 (7th Cir. 2016)

(en banc). Furthermore, a medical professional consciously disregards a prisoner's serious medical need if his care is so inadequate that it demonstrates an absence of professional judgment, that is, that no minimally competent professional would have responded in that way in the circumstances. *See Stewart v. Wexford Health Sources, Inc.*, 14 F.4th 757, 763 (7th Cir. 2021); *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 989 (7th Cir. 1998).

I will not allow Carr to proceed against Dr. Sukowaty on a medical care claim. Carr disputes the adequacy of Dr. Sukowaty's pain management, but he alleges a mere disagreement with her medical judgment that stronger pain medication wasn't warranted.

When Carr first complained of sharp post-surgery pain, Dr. Sukowaty noted that he was on Tylenol and opined that he needed to give his treatment more time because he was a month out from surgery and was still healing. Those allegations indicate that Dr. Sukowaty used medical judgment in making her decision not to prescribe stronger pain medication.

Carr alleges that Dr. Sukowaty ignored later health services requests in which he complained that the Tylenol was ineffective. But Carr filed those complaints closely after Dr. Sukowaty determined that his treatment plan was medically appropriate. In that short period, Nate provided Carr with physical therapy and arthritis cream, and a document incorporated into the amended complaint indicates that Dr. Sukowaty knew about that care. *See* Dkt. 8-8 at 2. Carr alleges that the arthritis cream was ineffective, but his allegations show that he didn't give it a meaningful trial. Carr's allegations aren't enough to suggest that Dr. Sukowaty ignored his complaints of pain outright or, as I determined in my initial screening order, that she "drew the inference" that his Tylenol was ineffective. *Cf. Duckworth v. Ahmad*, 532 F.3d 675, 680 (7th Cir. 2008) (alteration adopted). I will not allow Carr to proceed on a medical care claim against Dr. Sukowaty.

I will dismiss the amended complaint without leave to amend. Because the amended complaint's allegations are similar to the original complaint's allegations, it's clear that further amendment would be futile. *See Bogie*, 705 F.3d at 608. I will also direct the clerk to record a strike under 28 U.S.C. § 1915(g). Carr is advised that this is his second strike under § 1915(g), and that the imposition of a third strike will bar him from proceeding without prepaying the filing fee in district court or the court of appeals unless he is under imminent danger of serious physical injury.

ORDER

IT IS ORDERED that:

1. Plaintiff Robert Carr Jr.'s amended complaint, Dkt. 8, is DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

2. The clerk is directed to record a strike against Carr under 28 U.S.C. § 1915(g).

3. The clerk is directed to enter judgment and send Carr copies of this order and the judgment.

Entered June 5, 2024.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge